Filed 8/4/26  In re C.M. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re C.M., a Person Coming Under the Juvenile Court Law. | A175347 |
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>C.M.,<br><br>          Defendant and Appellant. | (Alameda County<br>Super. Ct. No. JV-039042-01) |

Defendant C.M. appeals following a dispositional order declaring her a ward of the court and placing her on probation.  C.M.'s counsel asks this court to independently examine the record in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) to determine if there are any arguable issues that require briefing.  Because counsel did not clearly indicate whether C.M. was adequately advised of her right to file a supplemental brief, this court issued a subsequent order informing C.M. of her right.  C.M. has not filed a supplemental brief.

After an independent review of the record, we find no meritorious issues.  Accordingly, we affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The Alameda County District Attorney's Office filed a petition pursuant to Welfare and Institutions Code section 602, alleging that C.M. committed a misdemeanor battery. The petition arose from an incident in which C.M. physically assaulted an individual in their shared residence. The victim reported to police that three girls, including her 17-year-old housemate, C.M., had threatened to assault her the prior day and, the following day, entered her bedroom and punched her in the face and head multiple times.

During the contested jurisdictional hearing, C.M. and the victim recounted different versions of the assault. The victim testified she was hit with closed fists by two girls in her bedroom, dragged to the hallway where C.M. was waiting, and C.M. then began choking her until C.M.'s brother arrived and separated them. However, C.M. denied participating in the victim's assault. C.M. stated she heard a commotion in the hallway, saw her friend hitting the victim, thought "nothing" as she walked by, but called for help; her brother then separated the girls. C.M.'s brother attested to C.M.'s version of events.

During cross-examination, defense counsel sought to highlight an inconsistency in the victim's testimony, noting she had previously stated that C.M. was "choking [her] the whole time." Defense counsel was unable to obtain a direct answer from the victim, and eventually moved on. At several other points during the victim's cross-examination, defense counsel moved to strike the answers as nonresponsive.

After the victim's testimony, the interpreters requested to speak with the court and counsel in the hallway. One interpreter stated that although the victim's Spanish was good, she believed the victim's first language was an indigenous one. The interpreter further stated that "people who speak

2

indigenous languages do not think linearly, so that could explain her difficulty answering questions."

C.M. moved for a mistrial, arguing that the interpreters' statements attempted to influence the court's understanding of the victim's testimony. The court determined that the interpreters' statements were made in response to the court and counsel's "frustration" to explain the victim's "difficulty in responding" to questions. The court stated that it was not influenced by these statements, took the testimony at face value, and denied the motion for a mistrial.

The court found the allegations of battery to be true beyond a reasonable doubt. The court noted it did not find C.M.'s testimony credible, observing that C.M.'s friends were let into the house, the video conveniently ended when C.M. appeared, and it was not credible that C.M. and her friends would not have discussed the incident when they left to eat afterwards.

At the subsequent dispositional hearing, the court declared C.M. a ward of the court and ordered in-home probation. That probation order imposed various terms, including that C.M. must obey all laws, not remain away from home overnight, attend school, not associate with anyone she knew to use, deal, or possess illegal drugs, submit to chemical testing, write an apology letter to the victim but otherwise have no contact with her, and perform 20 hours of community service.

C.M. appealed following the dispositional order. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1138 ["The juvenile court's jurisdictional findings are not immediately appealable and the appeal is taken from the order made after the disposition hearing."].)

3

## DISCUSSION

C.M.'s counsel filed a brief asking us to independently review the record pursuant to *Wende, supra*, 25 Cal.3d 436 to determine whether there are any arguable issues on appeal. *Wende* procedures apply to a minor's appeal from the judgment in juvenile delinquency proceedings. (*In re Kevin S.* (2003) 113 Cal.App.4th 97, 118–119.) C.M. was provided notice of her right to file a supplemental brief but did not do so.

Having independently reviewed the record, we have found no reasonably arguable appellate issue. (*People v. Kelly* (2006) 40 Cal.4th 106, 124.) A motion for a mistrial is addressed to the sound discretion of the trial court. (*People v. Eckstrom* (1986) 187 Cal.App.3d 323, 330.) A trial court does not abuse its discretion when it denies a motion for a mistrial after it is properly satisfied that no prejudice or injustice has resulted or will result from the occurrences to which counsel objects. (*People v. Dominquez* (1981) 121 Cal.App.3d 481, 508.) Here, the court expressly acknowledged it was not considering the interpreter's comments when reaching its decision, and thus the record does not reflect any prejudice or injustice resulting from the interpreter's comments.

Nor do we find any arguable issues in the disposition or terms of probation. Because C.M. was placed in her home under her brother's care, the court properly did not set a maximum term of probation. (*In re A.C.* (2014) 224 Cal.App.4th 590, 592.)

## DISPOSITION

The judgment is affirmed.

PETROU, J.

WE CONCUR:

FUJISAKI, Acting P. J.

RODRÍGUEZ, J.

A175347 / *People v. C.M.*